UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES DAVIDSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 12-09968-DFM<br><br>MEMORANDUM OPINION AND ORDER |

　　　Plaintiff James Davidson appeals from the Commissioner's decision finding that the assets in a special needs trust constituted a "countable resource" for purposes of his eligibility for disability payments. The Court concludes that the decision of the Administrative Law Judge ("ALJ") that the resources of Plaintiff's special needs trust were countable was not supported by substantial evidence. Accordingly, the Commissioner's decision is reversed and the matter is remanded for an award of benefits.

///

///

///

///

# I.
# FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff began receiving supplemental security income ("SSI") benefits in January 1998. Administrative Record ("AR") 14. On April 13, 2006, Plaintiff received a personal injury settlement in the amount of $356,250.00. Id. The proceeds from the settlement, after payment of Plaintiff's attorney fees, were placed into the James Davidson Special Needs Trust dated April 20, 2006 (the "Original SNT"), which was approved by Judge Michael Harwin of the Los Angeles Superior Court. AR 84-87.

On May 29, 2010, the Social Security Administration ("SSA") notified Plaintiff that he did not qualify for disability benefits and that he was "not entitled to any other Social Security benefits based on the application" he filed with the SSA. AR 80-81A. On June 22, 2010, the SSA mailed Plaintiff a "Notice of Overpayment," which stated that Plaintiff was overpaid benefits in the sum of $18,739.00 for the period of June 1, 2008 to June 1, 2010 because the "value of [Plaintiff's] resources was more than the SSI limit." AR 99-108.

On June 11, 2010, Plaintiff filed a request for reconsideration, arguing that the funds in question were "noncountable" because they were held in a special needs trust, one of the exceptions established in 42 U.S.C. § 1396p(d)(4)(A), in which property held in a trust is not counted as a resource for purposes of determining eligibility for SSI benefits. AR 98.

On August 30, 2010, Plaintiff's request for reconsideration was denied. The SSA determined that Plaintiff's special needs trust was a countable resource based upon two drafting errors in the language of the Original SNT: (1) the Original SNT failed to state that, "upon the death of the individual, the state will receive all amounts remaining in the trust"; and (2) the Original SNT failed to state that "the State must be listed as the first payee and have priority over payment of other debts and expenses." AR 175. Plaintiff requested a

hearing before an ALJ. AR 183.

The ALJ held two hearings, the first on May 24, 2011. During that hearing, the ALJ expressed her belief that Paragraphs 10 through 12 of the Original SNT did not satisfy the SSA's requirements for a special needs trust, because the Original SNT failed to list the state as the first payee and give the state priority over payment. AR 296. Plaintiff's counsel asked for a continuance to enable them to obtain an amended order from Judge Harwin, a request the ALJ granted. AR 312.

On July 13, 2011, Judge Harwin signed an order granting Plaintiff's petition for an order correcting the original order approving Plaintiff's special needs trust. AR 191-92. Specifically, Judge Harwin ordered the Original SNT corrected by replacing sections 10, 12, 13, and 14 of the Original SNT with corrected language. Id. Judge Harwin explicitly granted the petition nunc pro tunc to May 3, 2006, the date of the order approving the Original SNT. AR 192.

Plaintiff then submitted this corrected special needs trust to the ALJ. AR 193-215 ("1st Corrected SNT"). On July 26, 2011, the ALJ held a very brief supplemental hearing at which she received the 1st Corrected SNT into the record. AR 316-17. Plaintiff's counsel emphasized that the trust instrument was "not an amendment, but rather a correction or a revision." AR 318.

On August 3, 2011, the ALJ held that the SSA had properly determined that the resources in the SNT were countable because the SNT failed to meet the requirements of the "Special Needs Trust" provisions established under Section 1917(d)(4)(A) of the Act, as well as additional guidelines provided by the SSA in section 01120.203(B)(1)(a) of the Program Operations Manual System ("POMS"), which is used by SSA employees to process claims for benefits. More specifically, the ALJ concluded that both the Original SNT and the 1st Corrected SNT failed to include sufficient language, as required by

section 1917(d)(4)(A) of the Act, that the "State will receive all amounts remaining in the trust upon the death of the individual up to an amount equal to the total medical assistance paid on behalf of the individual under a State Medicaid plan." AR 16 (quoting Program and Operations Manual System ("POMS") § SI 01120.203(B)(1)(a)).

Specifically, the ALJ faulted the Original SNT because it did not make clear that state was the "first payee" with priority over other payees. AR 19. Additionally, the ALJ faulted both the Original and 1st Corrected SNTs because Paragraph 10 of both instruments stated that "on the death of the Beneficiary, any remaining assets of the Trust Estate shall be distributed to the Beneficiary's heirs at law," language that the ALJ concluded was in conflict with the language in paragraph 12, which sought to specify that the Trustee is directed to pay all state claims for reimbursement for medical assistance paid on the Beneficiary's behalf. AR 20-21. The ALJ therefore concluded that "[Plaintiff's] special needs trust will continue to be deemed a countable resource and he will be ineligible for supplemental security income. Therefore, the claimant is liable for repayment of the $18,739.00 overpayment." AR 21.

Plaintiff sought Appeals Council review of the ALJ's unfavorable decision. AR 215-17. With their request for Appeals Council review, Plaintiff submitted a second nunc pro tunc order correcting Plaintiff's special needs trust to remedy the deficiencies identified by the ALJ's unfavorable opinion. AR 218-20. Plaintiff also submitted the second corrected special needs trust. AR 221-36 ("2nd Corrected SNT").

On September 19, 2012, the Appeals Council denied the request for review. AR 4-8. The Appeals Council concluded that the evidence supported the ALJ's decision, reasoning as follows:

> [E]ven if the amended trust was created nunc pro tunc, the [ALJ] issued an accurate decision based on the evidence before her. The

>trust was amended after the date of the [ALJ]'s decision. Therefore, you will have to submit a new application for supplemental security income with a copy of the amended trust for a new determination on your supplemental security income eligibility.

AR 5.

## II.
## ISSUES PRESENTED

The parties characterize their disputed issues as follows:

(1) whether the Appeals Council erred in failing to properly consider the 2nd Corrected SNT in its review of the ALJ's unfavorable decision, see Joint Stipulation ("JS") at 9; and

(2) whether the ALJ erred in determining that the Plaintiff's special needs trust was a "countable resource" for purposes of determining eligibility for disability, id.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports

a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

## IV.
## DISCUSSION

For the reasons stated by the Court at oral argument in this matter, the Court finds that the ALJ erred when she decided that the Original SNT did not qualify as a special needs trust pursuant to 42 U.S.C. § 1396p(d)(4)(A). To the extent there is any ambiguity in the trust's provisions they are clarified by the trust's statement of intent, which expressly states that the trust is intended to comply with federal law governing the requirements for a special needs trust under the SSA. AR 126-27. The Commissioner relies on POMS, but the Court finds unpersuasive the POMS's interpretation of what 42 U.S.C. § 1396p(d)(4)(A) requires.[1] The plain language of the statute is satisfied by the Original SNT. Accordingly, the Court finds that the ALJ's determination that

---

[1] The Ninth Circuit has held that "POMS may be 'entitled to respect' . . . to the extent it provides a persuasive interpretation of an ambiguous regulation, but it 'does not impose judicially enforceable duties on either this court or the ALJ.'" Carillo-Yeras v. Astrue, 671 F.3d 731, 735 (9th Cir.2011) (internal citations omitted) (quoting Lockwood v. Comm'r of Soc. Sec. Admin., 616 F.3d 1068, 1073 (9th Cir. 2010)); see also Hermes v. Sec'y Health & Human Servs., 926 F.2d 789, 791 n.1 (9th Cir. 1991) (holding that POMS does not have the force or effect of law); Baker v. Sullivan, No. 90-1466, 1991 WL 104306, at *2 (C.D. Cal. Feb. 25, 1991) (deference to POMS was proper only where the Commissioner's interpretation of the Social Security Act as articulated in the POMS was not unreasonable).

the SNT was a countable asset was not supported by substantial evidence in the record.

## V.
## CONCLUSION

Upon determining that the Commissioner erred in denying benefits, the Court may remand the case for further proceedings or award benefits. Remand for further administrative proceedings is appropriate only if enhancement of the record would be useful. See Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). Conversely, where the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits. Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. Id. (citing Harman, 211 F.3d at 1178); see also McCartey v. Massanari, 298 F.3d 1072, 1076–77 (9th Cir. 2002). Applying this test here, it is clear that the matter should be remanded for an immediate award of benefits as Commissioner's counsel at oral argument could not identify any outstanding issues to be resolved and it is clear that the ALJ would be required to award benefits after finding that the trust is not a countable asset.

///
///
///
///

Therefore, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED for an award of benefits. In addition, the Court finds that Plaintiff was not overpaid for the period of June 1, 2008 to June 1, 2010, and therefore is not liable to the SSA in the amount of $18,739.00.

Dated: March 10, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge